```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

KEVIN WILSON,
                                          Civil No. 06-3016-CO
          Plaintiff,
                                          FINDINGS AND RECOMMENDATION
     v.

SOUTHERN OREGON UNIVERSITY,

          Defendant.
```

COONEY, Magistrate Judge.

   Plaintiff brings this action alleging claims for violations of Title IX of the Education Act of 1972, 20 U.S.C. § 1681 et seq. (Title IX) and ORS 659A.203, and claims for breach of contract, wrongful discharge, intentional infliction of emotional distress, and intentional interference with economic relations. (Amended Complaint). Plaintiff seeks non-economic, punitive, and economic damages, attorney fees, and costs. (Id.). This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Defendant moves to dismiss plaintiff's claim for punitive damages and his claim for wrongful discharge for failure to state a claim upon which relief can be granted (#12). Plaintiff concedes that punitive damages are not available in this case.

## I.  FACTS

The following paragraphs paraphrase relevant portions of plaintiff's complaint:

Plaintiff Kevin Wilson is a former employee of Southern Oregon University (SOU). (Amended Complaint ¶4). SOU is a recipient of federal funding pursuant to Title IX. (Id. at ¶3).

Mr. Wilson was hired as the women's Head Basketball Coach and Assistant Professor in Physical Education. (Id. at ¶4). He entered into a renewable one year contract with SOU. (Id. at ¶6). SOU had the option to not renew his contract, as long as SOU gave him six months notice of the non-renewal. (Id.).

During his employment, Mr. Wilson protested the unequal treatment of the women's athletic program compared to the men's athletic program. (Id. at ¶7). As a result of his complaints, he was ostracized within the athletic department, unequally disciplined, investigated without regard to his due process rights, and discharged from employment without sufficient notice or cause. (Id. at ¶¶8, 9, and 10).

Mr. Wilson alleges that SOU violated Title IX on the basis of sex and retaliated against him for his protests concerning the

FINDINGS AND RECOMMENDATION - 2

unequal treatment of the women's athletic program. (Id. at ¶13). He also alleges that SOU's actions constituted a wrongful discharge from his employment. (Id. at ¶25).

## II.  LEGAL STANDARDS

Federal courts require notice pleading. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can plead no set of facts in support of a claim. California Dump Truck Owners Ass'n v. Associated Gen. Contractors of America, 562 F.2d 607 (9th Cir. 1977). A complaint may be dismissed because of the lack of a cognizable legal theory or because insufficient facts are alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. Sands v. Lewis, 886 F.2d 1166 (9th Cir. 1989); Gorham v. Banovetz, 652 F.2d 750 (8th Cir. 1981).

## III.  DISCUSSION

Defendant moves to dismiss plaintiff's wrongful discharge claim arguing that Title IX provides adequate remedies, thereby precluding plaintiff's common law wrongful discharge claim. In response, plaintiff argues that defendant failed to demonstrate that the remedies under Title IX are adequate. In reply, defendant argues that the remedies available under Title IX are identical to the remedies available for a common law wrongful discharge claim.

FINDINGS AND RECOMMENDATION - 3

The parties also dispute which test, under Oregon law, the court should apply in determining whether the tort of wrongful discharge is available.

In 1972, Congress enacted Title IX.  <u>Jackson v. Biringham Bd. of Educ.</u>, 544 U.S. 167, 176 (2005).  In 1979, the United States Supreme Court held that Title IX implies a private cause of action to enforce its prohibitions on intentional sex discrimination.  <u>Cannon v. University of Chicago</u>, 441 U.S. 677, 690-693 (1979)).  In 2005, the United States Supreme Court found that "[r]etaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action . . . regardless of whether . . . [the complainant himself] was the subject of the original complaint."  <u>Jackson</u>, 544 U.S. at 173-180.

In <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60, 69, 71, 76 (1992)(citations omitted), the United States Supreme Court found that "Congress did not intend to limit the remedies available in a suit brought under Title IX" and that "'all necessary and appropriate remedies'", including damages, were available in a Title IX suit.  However, punitive damages are not available.  <u>Mercer v. Duke University</u>, 401 F.3d 199, 202 (4th Cir. 2005)(citation omitted).

In 1975, the Oregon Supreme Court first recognized the tort of wrongful discharge.  <u>Nees v. Hocks</u>, 272 Or. 210 (1975).  The tort

FINDINGS AND RECOMMENDATION - 4

of wrongful discharge is "designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied . . ." or where the plaintiff would not otherwise have a remedy. <u>Dunwoody v. Handskill Corp.</u>, 185 Or.App. 605, 613-614 (2003)(citations omitted).

Over the years, Oregon law on wrongful discharge has evolved and the tests to determine when the tort is available are not entirely consistent or clear. <u>See</u> <u>Cantley v. DSMF, Inc.</u>, 422 F.Supp.2d 1214, 1220-1222 (D.Or. 2006); <u>See also</u> <u>Draper v. Astoria School Dist. No. 1C</u>, 995 F.Supp. 1122, 1127-1131 (D.Or. 1998). In <u>Cantley</u>, Judge Stewart decided that "[u]ntil the Oregon Supreme Court clarifies the governing standards, this court will continue to follow its analysis in *Draper* 'that a claim for common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate).'". <u>Id</u>. at 1222. This court finds Judge Stewart's opinions in <u>Draper</u> and <u>Cantley</u> persuasive. Based on Judge Stewart's opinions and this court's research, this court finds that where adequate common law or statutory remedies are available, the tort of wrongful discharge is precluded. <u>See</u> <u>Cantley</u>, 422 F.Supp.2d at 1222; <u>See also</u> <u>Draper</u>, 995 F.Supp. at 1130-1131; <u>See also</u> <u>Dunwoody</u>, 185 Or.App. at 614

FINDINGS AND RECOMMENDATION - 5

(contractual remedies do not preclude wrongful discharge claim where the remedies do not adequately address the alleged injury); See also Farrimond v. Louisiana-Pacific Corp., 103 Or.App. 563, 566-567 (1990)(statutory remedies for discharge in retaliation for filing a worker's compensation claim were adequate and exclusive).

This court must determine whether Tile IX provides adequate remedies. Remedies are inadequate where there is a "substantial divergence" between what a plaintiff could recover under the two different theories and the available remedies do not "'capture the personal nature of the injury done to a wrongfully discharged employee'". Dunwoody, 185 Or.App. at 614-615 (citation omitted).

The remedies for the tort of wrongful discharge include "the full range of economic damages, as well as damages 'for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care.'" Dunwoody, 185 Or.App. at 615 (citation omitted). In a Title IX case, "'all necessary and appropriate remedies'", including compensatory damages and equitable relief are available. Franklin, 503 U.S. at 71, 76. Punitive damages are not available against a public employer under either theory of recovery. This court finds that there is not a substantial divergence between the available remedies under either cause of action and that the damages available under Title IX do address the personal nature of the injury to plaintiff. Under this analysis, plaintiff's claim for

wrongful discharge is precluded.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's claim for punitive damages be stricken and defendant's motion to dismiss plaintiff's wrongful discharge claim (#12) be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___24_____ day of August, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE